# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

JIM HOOD, ATTORNEY GENERAL OF THE  
STATE OF MISSISSIPPI, ex rel. THE STATE  
OF MISSISSIPPI                                                                                      PLAINTIFF

V.                                                                    CIVIL ACTION NO.: 1:08CV166-SA-JAD

ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS,  
INC. JANSSEN PHARMACEUTICA, INC., JANSSEN, LP,  
and JOHNSON & JOHNSON, INC.                                                                DEFENDANTS

## MEMORANDUM OPINION GRANTING REMAND

Presently before the Court is the State of Mississippi's Motion to Remand [6]. For the reasons set below, the Court grants the State's motion.

I.   Factual and Procedural Background

On May 12, 2008, the State filed the instant action against Ortho-McNeil-Janssen Pharmaceuticals, Inc., Janssen Pharmaceutica, Inc., Janssen, LP, and Johnson & Johnson, Inc., in the Circuit Court of Chickasaw County, Mississippi. The Complaint states the following claims: submission of false and fraudulent claims to the State's Medicaid program under Miss. Code Ann. § 43-13-101, et seq. (1972 as amended); recovery of costs of treatment caused by Defendants' defective product as *parens patriae* and pursuant to Miss. Code Ann. § 11-1-63, et. seq. (Rev. 2004); violations of the Mississippi Consumer Protection Act, Miss Code Ann. § 75-24-1, et. seq. (Rev. 2005); negligence; fraud and misrepresentation; unjust enrichment and a motion for preliminary injunction pursuant to Miss. R. Civ. P. 65(a).

On June 20, 2008, Defendants removed this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, alleging that the Complaint raises substantial issues of federal law. The State filed its motion to remand on June 24, 2008.

This motion deals with essentially the same complex factual and legal issues of cases removed to the United States District Courts for the Eastern District of Pennsylvania, the District of South Carolina, and the Eastern District of Arkansas in which remand was granted. See Arkansas, ex rel. v. Eli Lilly & Co., No. 4:08cv472, slip op. at 1 (E.D. Ark. July 9, 2008); Arkansas ex rel. v. Janssen Pharmaceutica, Inc.,et al., No. 4:07cv1210, 2008 WL 819019 (E.D. Ark. March 25, 2008); South Carolina v. Eli Lilly & Janssen Pharmaceutica, Inc., No. 6:07cv1452, 2007 WL 2022173 (D. S.C. Aug. 3, 2007); Pennsylvania v. Eli Lilly & Co., 511 F. Supp. 2d 576, 587 (E.D. Pa. 2007). Although a multi-district litigation court in the Eastern District of New York chose to deny remand under similar circumstances, this Court, after reviewing the facts of this case, agrees with the other district courts' decisions to remand. Specifically, this Court is of the opinion that Judge Herlong's well-reasoned opinion in South Carolina v. Eli Lilly & Janseen Pharmaceutica, Inc. is on point, and following suit of other courts, adopts his legal reasoning in full. No. 4:07cv1210, 2008 WL 819019 (D. S.C. August 3, 2007).

II.     Discussion

Defendants were entitled to remove the instant case if the State could have brought it in federal district court originally pursuant to 28 U.S.C. § 1441(a) as a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants assert that federal jurisdiction exists because the complaint, which asserts state-law claims, raises substantial and disputed issues of law. Specifically, Defendants contend that jurisdiction exists because the State's Complaint raises federal questions regarding (1) the meaning and application of the federal term "medically necessary" as a component of the scope of Medicaid drug reimbursement; (2) whether Defendants violated the Federal Food, Drug, and Cosmetic Act by allegedly marketing

Risperdal for non-approved uses; and (3) whether the Food and Drug Administration approved labels were false and misleading.

"[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. Id. at 314, 125 S. Ct. 2363. Further, "[t]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F. 3d 912, 919 (5th Cir. 2001).

For federal-question jurisdiction to arise, there must exist "not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable, 545 U.S. at 313, 125 S. Ct. 2363. The Complaint alleges various tortious acts committed by Defendants, including inducing the submission of false and fraudulent claims under the State's Medicaid program. The State further alleges that the Defendants promoted Risperdal for non-medically necessary uses and failed to adequately warn of the risks attendant to Risperdal.

The Federal Medicaid Act allows states to "exclude or otherwise restrict coverage of a covered outpatient drug if . . . the prescribed use is not for a medically accepted indication . . . ." 42 U.S.C. § 1396r-8(d)(1)(B). In addition, the Act defines the term "medically acceptable indication." 42 U.S.C. § 1396r-8(k)(6). Thus, Defendants argue that the federal issue presented by the Complaint is whether prescriptions that the State alleges should not have been reimbursed were

3

in fact authorized by –and required to be covered under – federal Medicaid law.

The Court finds that in the instant case, no substantial federal question exists to support a finding of jurisdiction. Defendants' liability will solely depend upon its breach of duties as defined and created by state law. "Simply put, it is not the act of causing the submission of a claim for a non-medically accepted indication that creates liability under state law causes of action, but rather the act of causing the submission of a false or fraudulent claim." Pennsylvania v. Elli Lilly & Co., Inc., No. 07-1083, 2007 WL 1876531, at *5 (E.D. Pa. June 27, 2007). For example, if the State proves at trial that Defendants violated the Federal Medicaid Act, it would not necessarily follow that they committed Medicaid fraud as defined in Miss. Code Ann. § 43-13-213.

> Thus, while the prescription of the drugs for such "off-label" uses was the alleged goal–and the alleged harm–the submission of such claims for non-medically accepted indications or non-medically necessary uses was not in and of itself the tortious conduct. In other words, the central dispute in this case . . . will be factual. Here the central question is whether the Defendants' advertising and promotion methods violate [Mississippi] tort law, not what is or is not a medically accepted indication or medically necessary use. The alleged acts and omissions by the Defendants allegedly constitute failure to warn, negligence, breach of warranty, fraud and misrepresentation under [Mississippi] law not merely because the Defendants promoted their drug for off-label uses, but because they allegedly intentionally misrepresented their drug's efficacy and risks for such uses.

Eli Lilly & Co., Inc., 2007 WL 1876531, at *4; see also Alaska v. Eli Lilly & Co., No. 3:06cv88, 2006 WL 2168831, at *1-3 (D. Al. July 28, 2006) (finding no federal jurisdiction over state law claims alleging that "[the defendant] advertised and sold Zyprexa for a number of non-approved 'off-label' uses"). These circumstances clearly are distinguishable from Grable, which found federal question jurisdiction where the meaning of a federal statute was "the only legal or factual issue contested . . . ." Grable, 545 U.S. at 315, 125 S. Ct. 2363. The incidental federal issues that may arise in this case do not rise to the level of substantiality required for a finding of federal jurisdiction.

4

Furthermore, even if Defendants could demonstrate the existence of a federal question in the instant case, "the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Id. at 313-14, 125 S. Ct. 2363. Defendants have failed to make this showing.

In general, "the absence of a federal private right of action [is] evidence relevant to, but not dispositive of, the sensitive judgments about congressional intent that § 1331 requires." Id. at 318, 125 S. Ct. 2363 (internal quotation marks omitted). However, in contrast to the facts in Grable, a finding of federal jurisdiction over any state cause of action implicating provisions of the Federal Medicaid Act and its accompanying regulations could "attract [] a horde of original filings and removal cases raising other state claims with embedded federal issues." Id., 125 S. Ct. 2363. Under these circumstances, the fact that Congress provided no private right of action in the Federal Medicaid Act presents compelling evidence that a finding of federal jurisdiction in the instant case would not be "consistent with congressional judgment about the sound division of labor between state and federal courts." Id. at 313, 125 S. Ct. 2363.

Further supporting this finding is the fact that the Federal Medicaid Act requires states to seek recovery of Medicaid funds from liable third parties. 42 U.S.C. § 1396a(a)(25); see New York v. Lutheran Center for the Aging, Inc., 957 F. Supp. 393, 403 (E.D.N.Y. 1997) ("Where a federal statute such as Medicaid requires a state to enforce liability against a third party but does not provide the ground for that liability, federal question jurisdiction will not lie.") Therefore, a finding of federal jurisdiction in the instant case would not be "consistent with congressional judgment about the sound division of labor between state and federal courts." Grable, 545 U.S. at 313, 125 S. Ct.

2363. Based on the foregoing, the State's motion to remand is GRANTED.

III.  Conclusion

Aware that all doubts concerning the propriety of removal are to be resolved in favor of remand, Acuna v. Brown & Root, Inc., 200 F. 3d 335, 339 (5th Cir. 2000), the Court concludes that it must grant the State's Motion to Remand because the Complaint does not raise a sufficiently substantial and disputed issue of federal law, and because the exercise of federal jurisdiction here would upset the "congressionally approved balance of federal and state judicial responsibilities." See Grable, 545 U.S. at 308, 125 S. Ct. 2363.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED this the 4th day of March, 2009.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**